UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 24-cr-20058
    Honorable Linda V. Parker

JOHNNIE DEANDRE FARLEY,

    Defendant.
_____/

**OPINION AND ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (ECF NO. 3)**

In February 2022, in the United States District Court for the District of North Dakota, Defendant Johnnie Deandre Farley pleaded guilty to one count of conspiracy to distribute forty grams or more of fentanyl in violation of 21 U.S.C. § 846.  The presiding judge sentenced him to twenty-four months in prison, with credit for time served and four years of supervised release.[1]  Mr. Farley began serving his supervised release term in February 2022.  The Government filed a response to his motion on November 20, 2024.  (ECF No. 6.)  Mr. Farley did not file a reply brief.

---

[1] This case was transferred to the undersigned on January 31, 2024, pursuant to an administrative order.  (*See* ECF No. 2.)

1

Pursuant to § 3583(e), a district court has the discretion to terminate a term of supervised release after the defendant's completion of one year of his or her supervised release term. 18 U.S.C. § 3583(e)(1). The statute instructs that early termination of supervised release should occur only when the defendant's conduct and the interests of justice warrant such action. *Id*. The Sixth Circuit has stated that "[e]arly termination is a discretionary decision warranted in cases of changed circumstances, such as where the defendant exhibits 'exceptionally good behavior.'" *United States v. Campbell*, No. 05-6235, 2006 WL 3925588, at *1 (6th Cir. July 25, 2006) (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)); *United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002) (same).

In his motion, Mr. Farley argues that his supervised release term should be terminated early because he has "completed all the terms of his probation." He specifically notes that, since the start of his supervised release, he has avoided contact with the police, passed all his drug screenings, maintained employment, developed a positive support system, and taken full responsibility for his past crimes. He also explains that he has experienced self-growth. For example, he has adopted new values and beliefs and has become a more compassionate person.

The Government opposes Mr. Farley's motion, arguing that early termination is unjustified because Mr. Farley has done "nothing exceptional" since being on supervised release. In fact, according to the Government, Mr. Farley has

tested positive for marijuana on at least one occasion since being on supervised release and was unemployed from September 2024 through the first week of November, undermining Mr. Farley's claims that all his urine samples have been negative and he has maintained employment throughout his entire supervision term.  The Government also argues that the seriousness of the underlying offense and his past criminal history make his current supervised release term necessary to deter future crime.

Based on the updates Mr. Farley presents, the Court is not convinced that the circumstances call for early termination of his supervised release term.  The Court does not take lightly Mr. Farley's continued compliance with the rules governing his release and his accomplishments.  In fact, the Court commends Mr. Farley for his compliance and the insight he has gained about his life.  However, "compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." *See United States v. Laughton*, 658 F. Supp. 3d 540, 544 (E.D. Mich. 2023) (citing *United States v. Givens*, No. CR 5:14-074-DCR, 2022 WL 2820081, at *1 (E.D. Ky. July 19, 2022).  The Court believes that Mr. Farley can benefit from serving the full term of his supervised release and, if needed, can avail himself of the services offered by the Probation Department.

Accordingly,

**IT IS ORDERED** that Mr. Farley's motion for early termination of supervised release (ECF No. 3) is **DENIED**.

**SO ORDERED.**

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: January 16, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, January 16, 2025, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan  
Case Manager

4